UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MELISSA DAVIS                                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:13cv557-DPJ-FKB

CAROLYN W. COLVIN,                                                                         DEFENDANT
ACTING COMMISSIONER
OF SOCIAL SECURITY

ORDER

This Social Security appeal is before the Court on the Report and Recommendation [18] of United States Magistrate Judge F. Keith Ball.  Judge Ball found that substantial evidence supported the ALJ's findings and recommended that Plaintiff's Motion for Summary Judgment [12] be denied and Defendant's Motion for an Order Affirming the Decision of the Commissioner [15] be granted.  Plaintiff filed an Objection [19] to the R&R, and Defendant responded [20].  Having now fully considered the premises, the Court concludes that the R&R should be adopted as the opinion of this Court.

Throughout her appeal, Davis has argued that "the ALJ's decision to greatly limit the weight afforded" to the opinion of Linda Youngblood, Davis's case manager at Weems Community Mental Health Center, "was not supported by substantial evidence."  Objection [19] at 2–3 (citing Plaintiff's earlier briefing).   The ALJ's discussion of Youngblood's assessment provided as follows:

> On April 6, 2010, Linda Youngblood, the claimant's case manager at Weems completed an assessment of her mental functional abilities (Exhibit 4F).  She rated the claimant with fair to poor abilities in all the categories with majority of areas rated being "poor."  She noted that the claimant had anxiety when in public, she felt uneasy in crowds, and she had poor stress management, and poor attention and concentration.  She noted [th]at the claimant had poor abilities to cope with change and had a history of suicide attempts when things did not go the way she

>expected.  A case manager is not considered an "acceptable medical source"
>within the regulatory definition (20 CFR 404.1513(a)).  The undersigned has
>considered the opinion of Ms. Youngblood, but affords it limited weight, as it is
>not consistent with the credible evidence or record.

Admin. R. [9] at 20.[1]  Judge Ball concluded that this opinion is supported by substantial evidence.  R&R [18] at 9–12.

Davis now argues that the ALJ's "single general statement . . . that [Youngblood's] opinion is inconsistent with other evidence of record is not sufficient for a reviewing court to evaluate the existence of substantial evidence in support of that finding."  Objection [19] at 3.  She then objects to Judge Ball's reliance upon specific record evidence that the ALJ generally referenced when limiting Youngblood's assessment.

Davis bases this objection on *Newton v. Apfel*, where the Fifth Circuit held that "[t]he ALJ's decision must stand or fall with the *reasons* set forth in the ALJ's decision, as adopted by the Appeals Council."  209 F.3d 448, 455 (5th Cir. 2000) (emphasis added).  *Newton* is not remarkable and means what it says.  An appellate court will not decide a case based on "reasons" the ALJ never advanced.  *Id.* (citing *Knipe v. Heckler*, 755 F.2d 141, 149 n.16 (10th Cir. 1985) (rejecting appellee's argument that the court should deny an appeal for a reason the ALJ never offered); *Dong Sik Kwon v. Immigration & Naturalization Serv.*, 646 F.2d 909, 916 (5th Cir. 1981) (en banc) (refusing to affirm Board of Immigration Appeals' decision based on reasons the board did not advance)).  Here, Judge Ball faithfully followed the standard of review and considered whether "the decision [to limit the weight of Youngblood's opinion] is supported by substantial evidence on the record as a whole."  *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir.

---

[1] Citation is to the Social Security Administration's pagination of the administrative record, not the CM/ECF pagination.

2005). He did not recommend denying Davis's appeal based on "reasons" the ALJ never advanced.

As for the more general concern that the ALJ's statement is too flimsy to allow review, the applicable Social Security Ruling requires only that an ALJ "generally . . . explain the weight given to opinions from [non-acceptable medical sources], *or* otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06-03P, 2006 WL 2329939, at *6 (Aug. 9, 2006) (emphasis added). The ALJ complied with the applicable ruling. She explained the weight given Youngblood's assessment and provided enough explanation to follow her reasoning. And as Judge Ball concluded, the reasoning is supported by the record. *See* R&R [18] at 10 (explaining how the record evidence was inconsistent with Youngblood's opinion).

Davis makes a final argument regarding the ALJ's treatment of Youngblood's opinion. She asserts that the ALJ improperly applied the factors articulated in 20 C.F.R. § 404.1527(d) to Youngblood's opinion and that a "proper evaluation of the opinion under those factors" would have yielded a different result. Objection [19] at 4. In essence, Davis asks the Court to itself assess Youngblood's opinion under the 20 C.F.R. § 404.1527(d) factors to determine whether the ALJ reached the correct conclusion about the weight Youngblood's opinion should be given. But the Court "may not re-weigh the evidence or substitute [its] judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision." *Jack v. Astrue*, 426 F. App'x 243, 244–45 (5th Cir. 2011). The Court agrees with Judge Ball that the

ALJ's decision to give Youngblood's opinion limited weight is supported by substantial evidence.

For the foregoing reasons, the Court finds that the Report and Recommendation of the United States Magistrate Judge should be adopted as the opinion of this Court.

IT IS, THEREFORE, ORDERED that Plaintiff's objections to the Report and Recommendation are hereby overruled.

IT IS FURTHER ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court; Plaintiff's motion [12] is denied; Defendant's motion [15] is granted; the decision of the Commissioner is affirmed; and this action is dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 26th day of February, 2015.

                                            s/ *Daniel P. Jordan III*
                                            UNITED STATES DISTRICT JUDGE